IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-1060

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JESSE LEE CRUDUP, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a detective with the Raleigh Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant did not present any evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged by complaint on 17 January 2013 with two felonies: possession of ammunition after conviction for a felony in violation of 18 U.S.C. §§ 922(g) and 924, and possession of body armor after conviction for a crime of violence in violation of 18 U.S.C. § 931(a)(1). Both offenses allegedly occurred on 8 December 2012.

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

The evidence presented at the hearing showed that the charges arise from the recovery of a bullet-proof vest and 24 rounds of .25 caliber ammunition through the consent search of the trunk of defendant's car. Defendant admitted to police that he owned a shotgun, whose location apparently remains unknown. Defendant was at the time a prohibited person, having been convicted of six felonies between 1995 and 2001.

On 4 January 2013, police recovered from a neighbor of defendant a .25 caliber pistol defendant had given him for safekeeping. The pistol was loaded.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's apparent ownership of two firearms in addition to the contraband found in his car; defendant's criminal record, including the 6 felony convictions noted, 15 misdemeanor convictions, a probation revocation, and continuation of criminal conduct despite incarceration; the danger of continued gun-related offense conduct by defendant if released; defendant's bipolar disorder, for which he receives disability benefits; the absence of a proposed third-party custodial arrangement; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 29th day of January 2013.

_____
James E. Gates
United States Magistrate Judge